**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

<table>
<tr><td>

PAUL MORINVILLE, et al.,

       Plaintiffs

       v.

UNITED STATES PATENT AND
TRADEMARK OFFICE,

       Defendant

</td><td>

Civil Action No. 19-1779 (CKK)

</td></tr>
</table>

**MEMORANDUM OPINION**
(February 26, 2020)

Plaintiffs, Paul Morinville, Gilbert Hyatt, and a class of similarly situated persons, bring four claims against Defendant, the United States Patent and Trademark Office ("PTO"). These claims all relate to a now-defunct program operated by Defendant called the "Sensitive Application Warning System" ("SAWS"), which Plaintiffs claim was in violation of the Privacy Act.

Before the Court is Defendant's Motion to Dismiss. Defendant argues that Plaintiffs' Privacy Act claims should be dismissed because the Privacy Act does not apply to either patent application files or to the records which were kept under SAWS. Defendant further moves for dismissal of Plaintiffs' Declaratory Judgment Act claim, requesting that the Court declare that SAWS violated the Privacy Act, because the Privacy Act precludes such relief. Finally, Defendant moves to dismiss all claims by Plaintiff Morinville on the ground that he has not alleged that his claims fall within the Privacy Act's statute of limitations.

Upon consideration of the pleadings[1], the relevant legal authorities, and the record for purposes of this motion, the Court GRANTS IN PART AND DENIES WITHOUT PREJUDICE

---

[1] The Court's consideration has focused on the following documents:

IN PART Defendant's Motion. The Court DENIES WIHOUT PREJUDICE IN PART

Defendant's motion based on the conclusion that Plaintiffs have alleged facts sufficient to create

an inference that the records kept by SAWS are covered under the Privacy Act and that

Defendant's practices through SAWS violated certain provisions of the Privacy Act. As to

Plaintiffs' request for declaratory relief, at this time, it is not clear to the Court that Plaintiffs'

claim under the Declaratory Judgment Act is barred by the Privacy Act. Additionally, the Court

finds that it is not apparent from the face of the Amended Complaint that Plaintiff Morinville's

claims are untimely. However, the Court also GRANTS IN PART Defendant's motion and

DISMISSES Plaintiffs' Count 4 Privacy Act claim for the prohibited collection of information

because Plaintiffs failed to allege a connection between Defendant's method of information

gathering and any adverse determinations.

## I. BACKGROUND

The Privacy Act requires that agencies, such as Defendant, "maintain all records which

are used by the agency in making any determination about any individual with such accuracy,

relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the

individual in the determination[.]" Am. Compl., ECF No. 10, ¶ 8 (quoting 5 U.S.C. §

552a(e)(5)). The Privacy Act also requires that agencies "maintain no record describing how any

individual exercises rights guaranteed by the First Amendment unless expressly authorized by

- • Def.'s Mem. in Support of Def.'s Mot. to Dismiss Pls.' First Am. Compl. ("Def.'s Mot."), ECF No. 12;
- • Pls.' Res. in Opp'n to Def.'s Mot. to Dismiss ("Pls.' Opp'n"), ECF No. 14; and
- • Def.'s Reply Brief in Support of Def.'s Mot. to Dismiss Pls.' First Am. Compl. ("Def.'s Reply"), ECF No. 15.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

statute or by the individual about whom the record is maintained or unless pertinent to and within the scope of an authorized law enforcement activity[.]" *Id.* at ¶ 9 (quoting 5 U.S.C. § 552a(e)(7)). Finally, as is relevant here, the Privacy Act requires that agencies "collect information to the greatest extent practicable directly from the subject individual when the information may result in adverse determinations about an individual's rights, benefits, and privileges under Federal programs[.]" *Id.* at ¶ 10 (quoting 5 U.S.C. § 552a(e)(2)).

Based on these provisions of the Privacy Act, Plaintiffs bring claims against Defendant stemming from a program called SAWS. The SAWS program "blocked issuance of patent applications identified as 'sensitive' by PTO personnel." *Id.* at ¶ 1. According to Plaintiffs, patent applicants were not alerted that their patent applications had been flagged nor were they provided the factual bases for the flagging which was included in the SAWS report. Without such information, Plaintiffs were prevented from challenging the specific basis of the flagging. *Id.* Plaintiffs further contend that once an application was flagged, a patent could not issue. *Id.* For various reasons, Plaintiffs contend that Defendant's operation of the SAWS program violated provisions of the Privacy Act.

According to Plaintiffs, beginning in approximately 1994, Defendant began operating the SAWS program; however, the program was not disclosed to the public until approximately 2014. *Id.* at ¶¶ 18-19. Under SAWS, PTO personnel flagged sensitive applications. *Id.* at ¶ 20. Plaintiffs allege that patent applications could be flagged for a variety of reasons relating to the proposed invention including the possibility for publicity, old effective filing dates with broad-scope patents, or objectionable or derogatory subject matter. Plaintiffs allege that the applications could also be flagged based on the identity of the patent applicant. *Id.* at ¶¶ 22-26. Once an application was flagged, PTO personnel would prepare a SAWS report, identifying the factual basis for the

flag. Such information could include financial information, politically-charged subject matter, or legal or ethical objections to the application. *Id.* at ¶ 32. In order to prepare the reports, PTO personnel performed internet searches about the invention, the inventors, and the assignor or the assignee. *Id.* at ¶ 33.

Plaintiffs further allege that once an application received a SAWS flag, the patent application could not be granted until the flag was removed, even if the application otherwise complied with the statutory criteria for patentability. *Id.* at ¶¶ 27, 36. Plaintiffs contend that Defendant had no defined process to remove a SAWS flag from an application. *Id.* at ¶ 37. As such, in addition to the procedural burdens, delay, and increased scrutiny, Plaintiffs claim that a SAWS flag resulted in a constructive denial of a patent application. *Id.* at ¶ 38.

Despite the significant effect of a SAWS flag, Plaintiffs allege that patent applicants were not notified that a SAWS flag had been placed on their applications nor were they provided the SAWS reports. *Id*. at ¶¶ 42-43. Additionally, SAWS material was not included in the patent application file accessible to patent applicants. *Id.* at ¶ 44. Because they were unaware of the flags, applicants could not challenge the specific factual basis for their SAWS status or their constructive denials. Additionally, Plaintiffs claim that in administrative appeals involving SAWS-flagged applications, the appeals board was provided with the SAWS information, including the SAWS report. *Id.* at ¶ 46. Plaintiffs contend that applicants did not know that the appeals board had been provided the SAWS material. *Id.* at ¶ 48.

As to the named Plaintiffs, Mr. Paul Morinville alleges that his patent applications have been flagged by the SAWS program because at least one of his applications had an indication of an "allowance counted" but no Notice of Allowance was sent. *Id*. at ¶ 57. Mr. Morinville claims that a patent examiner told him that the absence of a Notice indicated that his application was

subject to a secondary review process, which Plaintiff Morinville now suspects was due to a SAWS flag. *Id.* Defendant has not included SAWS material in any of Mr. Morinville's patent application files. And, in response to a request under the Freedom of Information Act, Defendant refused to confirm or deny whether any of Mr. Morinville's applications were flagged under SAWS. *Id.* at ¶ 58. As to Mr. Gilbert Hyatt, in response to a discovery request, Defendant informed Mr. Hyatt that approximately five of his patent applications had been flagged through SAWS. *Id.* at ¶ 60. Despite knowing that approximately five of his applications were flagged, none of his patent application files contain any SAWS material. *Id.* at ¶ 61. In addition to suing on their own behalf, the named Plaintiffs also bring this suit on behalf of a proposed class of similarly situated persons under Federal Rules of Civil Procedure 23(b)(2) and (b)(3). *Id.* at ¶ 63. The proposed class consists of "all patent applicants whose applications have been flagged under SAWS at any time." *Id.*

In their Amended Complaint, Plaintiffs bring four claims for relief. First, Plaintiffs bring a claim under the Privacy Act based on Defendant's failure to accurately maintain records due to the omission of the SAWS flags and SAWS reports from patent application files. 5 U.S.C. § 552a(g)(1)(C). Second, Plaintiffs bring a similar claim under the Declaratory Judgment Act for the failure to accurately maintain records. 28 U.S.C. §§ 2201, 2202. Third, Plaintiffs bring a claim under the Privacy Act based on Defendant's maintenance of prohibited records describing patent applicants' exercise of rights guaranteed by the First Amendment. 5 U.S.C. § 552a(e)(7). Finally, Plaintiffs bring a claim under the Privacy Act arguing that Defendant engaged in a prohibited collection of information by collecting information from internet sources rather than directly from patent applicants. 5 U.S.C. § 552a(e)(2). For various reasons, Defendant argues that each claim should be dismissed.

## II. LEGAL STANDARD

Defendant moves to dismiss Plaintiffs' Amended Complaint under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Federal Rules require that a complaint include "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* Instead, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 556, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

As was previously explained, Plaintiffs bring three requests for relief under the Privacy Act and one request for relief under the Declaratory Judgment Act. Defendant has moved for dismissal of all claims. The Court will address each claim in turn.

**1. Privacy Act Claim for Failure to Maintain Records**

First, Plaintiffs bring a claim under the Privacy Act for the failure to properly maintain records. Pursuant to the Privacy Act, a civil remedy is appropriate when an agency "fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual." 5 U.S.C. § 552a(g)(1)(C). Plaintiffs contend that Defendant omitted indications of SAWS flags and SAWS reports from patent applications. Am. Compl., ECF No. 10, ¶ 73. Plaintiffs further argue that the omission of these records from the patent applications resulted in determinations that were adverse to the patent applicants whose applications were flagged under the SAWS program. *Id.* at ¶ 75.

Defendant argues that this claim should be dismissed for two reasons. First, Defendant contends that neither patent application files nor SAWS flags and reports are "record[s] concerning any individual." 5 U.S.C. § 552a(g)(1)(C). Second, Defendant argues the omission of a SAWS flag or report from a patent application file was not the cause of any adverse determination. The Court will address both arguments in turn.

The Court begins by addressing Defendant's first argument—neither the patent applications nor SAWS material are records concerning an individual which would be covered under the Privacy Act. Under the Privacy Act, a record is "any item, collection, or grouping of information about an individual that is maintained by an agency … and that contains his name [or other identifying information]." 5 U.S.C. § 552a(a)(4). Such information "include[es], but [is] not limited to, [an individual's] education, financial transactions, medical history, and criminal or

employment history." *Id.* As such, to be a record covered under the relevant provision of the Privacy Act, the material must be "information about an individual" and must contain that individual's name or other identifying information. *Id.*

Defendant argues that the patent application file is not a record about an individual because the information contained in the file is about the proposed invention, not about the patent applicant. Defendant further argues that the SAWS flags and reports are also not records about an individual because the reasons for flagging an application under SAWS relate to the specific characteristics of the proposed invention, not to the patent applicant.

Once the record is fully developed, it may become apparent that Defendant is correct. However, on a Motion to Dismiss, the Court takes the well-pleaded allegations in Plaintiffs' Amended Complaint to be true. And, in their Amended Complaint, Plaintiffs allege that Defendant "flagged patent applications based on the identity of the applicant or applicants." Am. Compl., ECF No. 10, ¶ 26. Plaintiffs further allege that in preparing SAWS reports, PTO personnel were directed to conduct "a Google search of the invention, the inventors, and owner or assignee." *Id.* at ¶ 33. As such, Plaintiffs have alleged that the SAWS material, including the SAWS reports, contain information that is about an individual, not only information about the proposed invention.

Defendant itself has promulgated regulations explaining that patent application files contain Privacy Act-eligible records which include the "[o]ath or declaration of applicant including name, citizenship, residence, post office address and *other information pertaining to the applicant's activities in connection with the invention for which a patent is sought*." 78 Fed. Reg. at 19,243 (emphasis added). Plaintiffs have alleged that the SAWS material includes information about the individual patent applicants, not only about the proposed inventions. As

such, drawing all reasonable inferences in Plaintiffs' favor, the failure to include the SAWS material in the patent application file would result in a failure to maintain a record concerning an individual.

Because Plaintiffs have sufficiently alleged that SAWS material included information about an individual, the Court will not dismiss on this ground at this time. Additional development of the record is required to determine whether or not Plaintiffs can adequately support their allegations.

Second, Defendant argues that Plaintiffs' Privacy Act claim for a failure to maintain records should be dismissed because the omission of SAWS material from a patent application file did not result in any adverse determination. Under the Privacy Act, a determination is adverse if it "result[s] in the denial of a right, benefit, entitlement, or employment by an agency which the individual could reasonably have been expected to have been given if the record had not been deficient." Privacy Act Implementation Guidelines and Responsibilities, 40 Fed. Reg. 28,949, 28,969 (July 9, 1975). Defendant argues that Plaintiffs have not alleged that the failure to include SAWS material in the patent application files caused Defendant to make an adverse determination. According to Defendant, the only harm from the omission of the SAWS information is that Plaintiffs were unable to contest Defendant's classification of their patent applications. However, Defendant claims that the harm from being unable to contest the SAWS designation falls short of the denial of a right, benefit, or entitlement.

Again, Defendant's argument is better dealt with at the summary judgment stage. Plaintiffs have alleged that, after a patent application received a SAWS flag, a patent could not be issued for that proposed invention. Am. Compl., ECF No. 10, ¶ 27. Plaintiffs explain that a "SAWS flag prevented issuance of a patent application, irrespective of whether the application

claimed subject matter satisfying the statutory criteria for patentability." *Id.* at ¶ 36. According to

Plaintiffs, once the flagged application passed the initial screening mechanism, there was no

process to remove the flag. *Id.* at ¶ 37. Because a patent could not issue if there was a flag and

because there was no way for Plaintiffs to challenge a flag, Plaintiffs allege that a "SAWS flag

resulted in a constructive denial of or objection to a patent application." *Id.* at ¶ 38. Plaintiffs

claim more than a preliminary determination; instead, they contend that a SAWS flag acted as a

denial of the patent application.

　　　Plaintiffs allege more than the mere administrative burdens and delay that Defendant

addresses. At the motion to dismiss stage, the Court accepts as true Plaintiffs' allegation that a

SAWS flag constituted a constructive denial of a patent application. Assuming the patent

application met the statutory requirements of patentability, the withholding of a deserved patent

constitutes an adverse determination. Additionally, taking all inference in Plaintiffs' favor,

Plaintiffs have alleged that the omission the SAWS material from the patent application files

prevented them from challenging the factual material which resulted in the constructive denial of

their patent applications.

　　　Defendant cites to *Fletcher v. United States Department of Justice*, 905 F. Supp. 2d 263

(D.D.C. 2012), for the proposition that Plaintiffs' inability to challenge the constructive denial is

not an adverse determination. 905 F. Supp. 2d at 268. In *Fletcher*, the court concluded that the

plaintiff's inability to challenge his conviction or assist in his parole hearing due to the loss of

certain records did not constitute an adverse determination under the Privacy Act. *Id.* But, in

*Fletcher*, the court found that "there ha[d] not yet been any adverse determination against

Plaintiff from the destruction of the records." *Id.*; *see also Chambers v. United States*

*Department of the Interior*, 568 F.3d 998, 1007 (D.C. Cir. 2009) (finding that the plaintiff had

not alleged an adverse determination when the only harm from the lost performance appraisal was that her job search was hampered). Conversely, here, Plaintiffs have alleged that an adverse determination, a constructive denial of their patent applications, has already occurred. And, Plaintiffs' allegations have causally connected that harm to the omission of the SAWS material from their patent applications.

Accordingly, the Court denies without prejudice Defendant's motion to dismiss on this ground at this time. As with Defendant's previous argument, additional development of the record is required to determine if Plaintiffs suffered an adverse determination due to the omission of the SAWS material from their patent application files.

For the reasons provided, the Court concludes that Plaintiffs have stated a claim to relief under the Privacy Act based on Defendant's maintenance of records. As such, at this time, the Court DENIES WITHOUT PREJUDICE Defendant's motion to dismiss this claim.

## 2. Declaratory Judgment Act Claim for Failure to Maintain Records

Second, Plaintiffs bring a claim under the Declaratory Judgment Act also based on the failure to properly maintain records. Plaintiffs argue that there is a controversy between themselves and Defendant as to Defendant's obligation, under the Privacy Act, to include the SAWS flags and reports in the patent application files. Plaintiffs request a declaration of their rights under the Privacy Act. Am. Compl., ECF No. 10, ¶¶ 78-80.

Defendant has two arguments as to why Plaintiffs' claim for a declaratory judgment should be dismissed. First, Defendant contends that its maintenance of records did not violate the Privacy Act, so Plaintiffs have failed to state a claim for declaratory relief. Second, Defendant claims that the Privacy Act precludes relief under the Declaratory Judgment Act. The Court will address each argument.

Defendant's first argument as to why Plaintiffs' declaratory judgment claim fails has already been addressed in the previous section. *See* Supra Sec. III.1. Defendant contends that Plaintiffs are not entitled to declaratory relief because Defendant's maintenance of records did not violation the Privacy Act. For the reasons already discussed, the Court finds that Plaintiffs have alleged facts which are sufficient to create an inference that Defendant's maintenance of records violated the Privacy Act. *Id.* As such, the Court will not dismiss Plaintiffs' claim for declaratory relief on this ground at this time.

Second, Defendant asks that the Court dismiss Plaintiffs' Declaratory Judgment Act claim because the Privacy Act precludes such relief. The Privacy Act provides for entry of injunctive relief in only two situations, neither of which Plaintiffs argue apply in this case. Because the Privacy Act provides for injunctive relief in specific situations, Defendant contends that Plaintiffs are precluded from getting declaratory relief under the Declaratory Judgment Act. The Court is unconvinced.

In support of its argument that Plaintiffs are precluded from relief under the Declaratory Judgment Act, Defendant relies primarily on three cases. However, none of the cases are analogous to the situation currently before the Court. In *Hastings v. Judicial Conference of the United States*, 770 F.2d 1093 (D.C. Cir. 1985), the United States Court of Appeals for the District of Columbia Circuit stated that "even if a claim of a violation of the Privacy Act could be made out, appellant would not be entitled to the declaratory and injunctive relief he seeks, such relief not among those expressly made available to remedy past disclosures made in violation of the Privacy Act." 770 F.2d at 1104. But, in *Hastings*, it appears that the appellant was attempting to gain declaratory and injunctive relief directly under the Privacy Act, which was not permissible. *Id.* at 1099. *Hastings* does not address whether or not declaratory relief

would have been available under the Declaratory Judgment Act. Two of the other cases cited by Defendant suffer from the same flaw. *See Doe v. Stephens*, 851 F.2d 1457, 1463 (D.C. Cir. 1988) (denying injunctive relief under the Privacy Act but making no mention of the Declaratory Judgment Act); *Kursar v. Transportation Security Administration*, 581 F. Supp. 2d 7, 19 (D.D.C. 2008) (discussing injunctive relief only under the Privacy Act). Here, Plaintiffs are not seeking declaratory relief under the Privacy Act but are instead seeking such relief under the Declaratory Judgment Act. As such, the Court is not persuaded by Defendant's cited cases.

Defendant also cites *Christian v. Secretary of the Army*, No. 11-0276, 2011 WL 345945 (D.D.C. Jan. 31, 2011), in support of dismissal. In *Christian*, a pro se plaintiff sought to correct his military records via a writ of mandamus or a declaratory judgment. 2011 WL 345945 at *1. The court denied his petition for a writ of mandamus and instead ordered the clerk of the court to file the plaintiff's action as brought under the Privacy Act. *Id*. The court explained that it could "not entertain an action for those extraordinary remedies" of a writ of mandamus or declaratory judgment when "another adequate remedy [was] available" under the Privacy Act. *Id.*

Again, in *Christian*, the court did not rest its judgment on the notion that the Privacy Act precludes relief under the Declaratory Judgment Act. In fact, the Declaratory Judgment Act explicitly carves out several claims for which parties may not seek relief, and the Privacy Act is not among those carve-outs. 28 U.S.C. § 2201. Instead, in *Christian*, the court used its discretion to find that declaratory judgment was not appropriate because an alternative remedy existed. "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co*., 515 U.S. 277, 282 (1995). For example, courts may dismiss claims under the Declaratory Judgment Act when those claims are

duplicative or redundant of other claims. *See Boone v. MountainMade Foundation*, 684 F. Supp. 2d 1, 12 (D.D.C. 2010).

Ultimately, relief under the Declaratory Judgment Act may be unnecessary, and the Court, in its discretion, may dismiss this claim. However, at the motion to dismiss stage, the Court is not prepared to say that Plaintiffs' Declaratory Judgment Act claim is duplicative of their Privacy Act claims or otherwise unnecessary or inappropriate. As such, the Court DENIES WITHOUT PREJUDICE Defendant's motion to dismiss Plaintiffs' Declaratory Judgment Act claim pending further development of the record.

### 3. Privacy Act Claim for Records Describing First Amendment Activities

Third, Plaintiffs bring a claim under the Privacy Act for Defendant's alleged maintenance of prohibited records concerning patent applicants' exercise of their First Amendment rights. The Privacy Act provides relief when an agency "fails to comply with any other provision of [5 U.S.C. § 552a], or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual." 5 U.S.C. § 552a(g)(1)(D). Under 5 U.S.C. § 552a(e)(7), an agency shall "maintain no record describing how any individual exercises rights guaranteed by the First Amendment unless expressly authorized by statute or by the individual about whom the record is maintained or unless pertinent to and within the scope of an authorized law enforcement activity." 5 U.S.C. § 552a(e)(7). Plaintiffs contend that Defendant violated this prohibition by maintaining SAWS flags and reports describing patent applicants' exercise of their First Amendment rights. Am. Compl., ECF No. 10, ¶¶ 84-87.

Defendant argues that Plaintiffs' third claim fails for two reasons. First, Defendant again contends that neither patent application files nor SAWS flags and reports constitute "records" for purposes of the Privacy Act. Second, Defendant contends that a SAWS flag or report does not

describe how any individual exercises his or her First Amendment rights. The Court will address each argument in turn.

The Court has previously addressed Defendant's argument that the relevant materials in this suit do not constitute records for purposes of the Privacy Act. *See* Supra Sec. III.1. For the reasons previously provided, the Court finds that Plaintiffs have adequately alleged that the materials at issue constitute records. As such, the Court will not dismiss on this ground at this time.

Turning to Defendant's second argument, Defendant claims that it is not in violation of 5 U.S.C. § 552a(e)(7) because the SAWS materials do not describe how the patent applicant exercises his or her First Amendment rights. According to Defendant, the patent system is a discretionary creation of Congress, thus making patent protection a statutory right and not a First Amendment right. U.S. Const. art. I § 8, cl. 8 (giving Congress the power to "secur[e] for limited times to … inventors the exclusive right to their respective … discoveries"). Moreover, according to Defendant, even if applying for a patent were a protected activity, the SAWS material does not "describe[e] how any individual exercises rights guaranteed by the First Amendment." 5 U.S.C. § 552a(e)(7).

In their Amended Complaint, Plaintiffs allege that "SAWS flags and SAWS reports describe patent applicants' exercise of rights guaranteed by the First Amendment." Am. Compl., ECF No. 10, ¶ 84. Plaintiffs further allege that Defendant "flagged patent applications based on the identity of the applicant or applicants." *Id.* at ¶ 26. And, according to Plaintiffs, SAWS material could concern "politically charged subject matter, and subject matter which may raise legal or ethical objections." *Id.* at ¶ 32.

Taking all inferences in Plaintiffs' favor, the Court finds that Plaintiffs have alleged that the SAWS material may constitute a "record describing how any individual exercises rights guaranteed by the First Amendment." 5 U.S.C. § 552a(e)(7). To begin, Plaintiffs allege that the SAWS reports contained information about the patent applicant and that some of the SAWS material concerned politically charged or sensitive subject matter. Am. Compl., ECF No. 10, ¶¶ 26, 32. Plaintiffs then specifically allege that "SAWS flags and SAWS reports describe patent applicants' exercise of rights guaranteed by the First Amendment." *Id.* at ¶ 84. While this allegation may be somewhat conclusory, at the motion to dismiss stage, the Court finds that Plaintiffs have alleged sufficient facts to create an inference that at least some of the SAWS material collected about individual patent applicants described the exercise of their First Amendment rights.

Defendant's citation to *England v. Commissioner of Internal Revenue*, 798 F.2d 350 (9th Cir. 1986), does not alter the Court's analysis. In *England*, the court concluded that tax records identifying the plaintiff as a "tax protester" did not violate the Privacy Act's prohibition on maintaining records describing how individuals exercise their First Amendment rights. 798 F.2d at 352-53. The court found that the records related only to the determination of tax liability, not to how the plaintiff had exercised his first amendment rights. The court explained that the plaintiff had not been labeled a tax protester because of speeches or writing but had instead been so labeled based on the filing of facially illegal tax returns. *Id.*

*England* is distinguishable from the case currently before the Court. In *England*, the court found that the tax record identifying the plaintiff as a tax protester related only to his tax return, not to any outside activities. In this case, Plaintiffs have alleged that Defendant conducted internet searches on patent applicants as a part of developing the SAWS reports. Am. Compl.,

ECF No. 10, ¶ 33. As such, Plaintiffs have alleged that information about patent applicants contained int the SAWS material concerned activities outside the filing of their patent applications and may have related to how patent applicants exercised their First Amendment rights. Accordingly, the congressional purpose behind § 552a(e)(7), to prevent "'collection of protected information not immediately needed, about law-abiding Americans, on the off-chance that Government or the particular agency might possibly have to deal with them in the future,'" may be implicated. *Clarkson v. Internal Revenue Service*, 678 F.2d 1368, 1375 (11th Cir. 1982) (quoting S. Rep. No. 1183, 93rd Cong., 2d Sess., reprinted in [1974] U.S. Code Cong. & Admin. News 6916, 6971).

The Court denies without prejudice Defendant's motion to dismiss on this ground at this time. As with many of Defendant's arguments for dismissal, the Court's resolution of this argument requires additional development of the record. Plaintiffs have alleged that Defendant violated the Privacy Act by maintaining SAWS material describing patent applicants' exercise of their First Amendment rights. And, Plaintiffs have provided some support for this allegation. At the motion to dismiss stage, the Court accepts Plaintiffs' allegations as true. Whether or not Plaintiffs will be able to present evidence in support of their allegations is yet to be seen.

For the reasons provided, the Court concludes that Plaintiffs have stated a claim for relief under the Privacy Act based on Defendant's maintenance of records describing patent applicants' exercise of their First Amendment rights. As such, at this time, the Court DENIES WITHOUT PREJUDICE Defendant's motion to dismiss this claim.

**4. Privacy Act Claim for Information-Gathering Methods**

Finally, Plaintiffs bring a claim under the Privacy Act based on the method Defendant used to collect information for the SAWS flags and reports. The Privacy Act provides relief

when an agency "fails to comply with any other provision of [5 U.S.C. § 552a], or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual." 5 U.S.C. § 552a(g)(1)(D). Under the Privacy Act, an agency must "collect information to the greatest extent practicable directly from the subject individual when the information may result in adverse determinations about an individual's rights, benefits, and privileges under Federal programs." 5 U.S.C. § 552a(e)(2). Plaintiffs contend that, rather than collecting information directly from patent applicants, Defendant collected information through other sources such as internet searches. Am. Compl., ECF No. 10, ¶ 89. Plaintiffs further claim that the information wrongfully collected resulted in adverse determinations about patent applicants. *Id.* at ¶ 90.

Defendant argues that Plaintiffs' fourth claim should be dismissed for two reasons. First, Defendant claims that the information in a SAWS flag or report cannot result in an adverse determination. Second, Defendant argues that Plaintiffs failed to allege that collecting the information from sources other than the patent applicants resulted in an adverse effect on Plaintiffs.

First, Defendant contends that the Court should dismiss this claim because, regardless of how it was collected, the information in a SAWS flag or report cannot result in an adverse determination. The Court has already addressed this argument in the section discussing Plaintiff's claim for the failure to maintain accurate records. *See* Supra Sec. III.1. There, the Court determined that Plaintiffs have adequately alleged that the information in the SAWS materials could result in an adverse determination of their patent applications in the form of a constructive denial. *Id.* For the reasons already provided, the Court will not dismiss on this ground at this time.

Second, Defendant argues that, even if the SAWS material could result in an adverse determination, Plaintiffs have failed to establish that the method of information gathering was the cause of the adverse determination. According to Defendant, "the complaint lacks allegations that describe how the Googling of information to complete a SAWS report, as opposed to collecting that information from Plaintiffs directly, has an adverse effect on Plaintiffs." Def.'s Mot., ECF No. 12, 22. The Court agrees.

Plaintiffs allege that Defendant used the internet to collect information about patent applicants for purposes of the SAWS program. Am. Compl., ECF No. 10, ¶ 33. Plaintiffs further allege that they were not told about the SAWS flags or reports and were not provided information about the SAWS flags or reports. *Id.* at ¶¶ 42-44. And, Plaintiffs allege that because they were not made aware of the SAWS material, they were unable to challenge the factual bases for the SAWS flags or their constructive denials. *Id.* at ¶ 55. Finally, Plaintiffs generally allege that the SAWS material "may result in adverse determinations about patent applicants' rights, benefits, and privileges under … the Patent Act" based on a constructive denial. *Id.* at ¶ 90.

However, nowhere do Plaintiffs allege that Defendant's collection of information from sources other than the patent applicants caused the adverse determination. Instead, Plaintiffs repeatedly allege that the adverse determination, or the constructive denial, was caused by the mere presence of the SAWS flag. *Id.* at ¶¶ 53, 52, 50, 45, 38. Plaintiffs fail to allege any harm which resulted from Defendant's information gathering methods. As, such Plaintiffs fail to allege that "this action"—or the failure to collect information directly from patent applicants—"had an 'adverse effect' on the [P]laintiff[s]." *Waters v. Thornburgh*, 888 F.2d 870, 872 (D.C. Cir. 1989); *see Peter B. v. CIA*, 620 F. Supp. 2d 58, 75-76 (D.D.C. 2009) (finding that the plaintiff stated a claim under § 552a(e)(2) claim where the plaintiff had alleged that the defendant's failure to

collect information directly from him resulted in false records and a denial of a right); *Gard v. U.S. Dep't of Education*, 789 F. Supp. 2d 96, 109 (D.D.C. 2011) (granting summary judgment for defendant where plaintiff failed to present evidence "to suggest how an interview with him would have altered the substance of his records in any way that would have averted the agency's decision to place him on administrative leave").

Plaintiffs seem to ignore the requirement for a connection between the method of information collection and the adverse effect. Instead, Plaintiffs contend that "the underlying congressional presumption in 552a(e)(2) is that collecting information from third parties instead of the individual has an adverse effect." Pls.' Opp'n, ECF No. 14, 20. However, even if Congress's purpose in enacting this provision was a concern that individuals would face adverse effects "on the basis of information obtained from third party sources which could be erroneous, outdated, irrelevant, or biased," such a purpose does not negate the need for a causal connection or create a presumption of such a causal connection. 40 Fed. Reg. 28,949, 28,961 (July 1, 1975). And, Plaintiffs cite no case where the Court did not require a causal connection between the violation and the adverse effect alleged.

Taking all of the allegations in Plaintiffs' Amended Complaint to be true, Plaintiffs have not alleged that Defendant's method of collecting SAWS information through internet searches had an adverse effect on Plaintiffs. Instead, Plaintiffs have alleged that the maintenance of the SAWS flags and reports caused Plaintiffs' patent applications not to be granted. More is required for relief for a claim under § 552a(e)(2). Accordingly, the Court GRANTS Defendant's motion and DISMISSES Plaintiffs' Count 4 claim for the prohibited collection of information.

### 5. Plaintiff Morinville's Claims

In addition to moving for dismissal of all of Plaintiffs' claims, Defendant specifically argues that Plaintiff Morinville's claims should be dismissed because he has not alleged that his claims fall within the Privacy Act's statute of limitations. The Court finds that dismissing Plaintiff Morinville's claims as untimely would be premature on the current record.

Under the Privacy Act, there is a two-year statute of limitations period from the date on which the plaintiff knew or should have known of the violation. 5 U.S.C. § 552a(g)(5). Defendant contends that Plaintiff Morinville has not alleged facts sufficient to establish that he has filed his lawsuit within the two-year limitations period. Defendant points to allegations in the Amended Complaint that an examiner told Plaintiff Morinville that his patent applications had entered into a secondary review process. Am. Compl., ECF No. 10, ¶ 57. Defendant further argues that, because SAWS ended in 2015, this conversation must have taken place no later than 2015, which is outside the two-year limitations period. According to Defendant, even if the public was not aware of the SAWS program at that time, Plaintiff Morinville had enough information to bring his Privacy Act claims after his conversation with the examiner.

At the motion to dismiss stage, "'dismissal is appropriate only if the complaint on its face is conclusively time-barred.'" *Hagan v. United States*, 197 F. Supp. 3d 30, 35 (D.D.C. 2016) (quoting *Bregman v. Perles*, 747 F.3d 873, 875 (D.C. Cir. 2014)). And, here, on the face of the Amended Complaint, the Court cannot conclude that Plaintiff Morinville's claims are conclusively time-barred. Defendant argues that Plaintiff Morinville had notice of his claims sometime prior to 2015 when a patent examiner told him that his patent application had "entered a secondary review process." Am. Compl., ECF No. 10, ¶ 57. On this record, the Court is not prepared to say that this singular comment provided Plaintiff notice that his rights under the

Privacy Act were being violated. Defendant's argument fails to show that "no reasonable person could disagree on the date on which the cause of action accrued." *Thompson v. HSBC Bank USA, N.A.*, 850 F. Supp. 2d 269, 274 (D.D.C. 2012) (internal quotation marks omitted).

The allegations in the Amended Complaint do not conclusively show that Plaintiff Morinville knew or had reason to know that he had a Privacy Act claim against Defendant more than two years prior to the date he filed this Complaint on June 18, 2019. Additional development of the record is required to determine conclusively when Mr. Morinville's claims accrued. Accordingly, on the current record, the Court DENIES WITHOUT PREJUDICE Defendant's motion dismiss Plaintiff Morinville's claims as untimely.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART AND DENIES WITHOUT PREJUDICE IN PART Defendant's Motion. The Court DENIES WITHOUT PREJDUICE Defendant's motion to dismiss Plaintiffs' Counts 1 and 3. Plaintiffs have adequately alleged that Defendant violated the Privacy Act by failing to properly maintain records and by maintaining records which describe a patent applicant's exercise of his or her First Amendment Rights. The Court further DENIES WITHOUT PREJUDICE Defendant's motion to dismiss Plaintiffs' Count 2 because, at the motion to dismiss stage, dismissal of Plaintiffs' Declaratory Judgment Act claim is inappropriate. Finally, the Court finds premature Defendant's motion to dismiss Plaintiff Morinville's claims as untimely.

However, the Court GRANTS Defendant's motion to dismiss Plaintiffs' Count 4 claim because Plaintiffs have failed to allege that Defendant's information-gathering methods resulted in an adverse effect.

An appropriate Order accompanies this Memorandum Opinion.

_____/s/_____

COLLEEN KOLLAR-KOTELLY
United States District Judge
