IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAUL MORINVILLE and GILBERT P. HYATT,

        Plaintiffs,

    v.

UNITED STATES PATENT AND TRADEMARK OFFICE,

        Defendant.

Civil Action No. 1:19-CV-01779-CKK

---

**Plaintiffs' Motion to Extend Deadline for Proponent's Rule 26(a)(2)(B) & (C) Disclosures**

Plaintiffs Paul Morinville and Gilbert P. Hyatt respectfully move this Court to extend the deadline for proponent's disclosures pursuant to Rule 26(a)(2)(B) & (C) from the current deadline of November 10, 2022, to ten days after completion of a Rule 30(b)(6) deposition of Defendant, the United States Patent and Trademark Office ("PTO"). Counsel for Plaintiffs conferred with counsel for PTO, who were unable to confirm within the time provided whether PTO either takes no position on or opposes the motion but agree that Plaintiffs have satisfied their burden to confer on the motion.

1. Since February 2021, the parties have been engaged in written discovery and document review and production. PTO has produced over 134,000 pages of documents in this case, including over 10,000 pages of documents on July 6, 2022. Plaintiffs diligently reviewed those productions and then began noticing depositions of PTO witnesses on July 6, 2022. Since that time, Plaintiffs have completed the depositions of four PTO witnesses, and are in the process of scheduling more. PTO has deposed one witness, has noticed the deposition of two additional witnesses, and is in the process of scheduling more.

2. Pursuant to the Court's order dated April 22, 2022 (Dkt. No. 42), discovery in this case is set to close on March 10, 2023. The parties have stipulated that fact and expert depositions can occur up to and including that date. Ex. A. In light of Plaintiffs' diligent review of PTO's

document productions and progress with completing depositions, the parties are generally on track to meet those deadlines.

3.      However, Plaintiffs' requested 30(b)(6) deposition of PTO has become a bottleneck for discovery in this case. On August 23, 2022, pursuant to Plaintiffs' obligation to confer in good faith about the proposed matters for examination in that deposition, Plaintiffs provided PTO with a proposed topic list, asked if PTO would like to confer about the topics, and requested that PTO consider the date or dates for the 30(b)(6) deposition. Ex. B. Plaintiffs verbally followed up with counsel for PTO on multiple occasions about the PTO's response to these topics in the weeks that followed.

4.      Due to the PTO's delay in responding, Plaintiffs' counsel verbally informed PTO counsel on September 21 that the Plaintiffs may need to move the expert disclosure deadline to ensure that it fell after the date of the 30(b)(6) deposition.

5.      PTO did not respond to Plaintiffs' proposed 30(b)(6) topics until September 29, over five weeks after they were sent. Ex. C. PTO's response consisted of a letter that provided broad "initial thoughts and concerns" about virtually all of Plaintiffs' proposed topics. *Id.*

6.      Plaintiffs responded to PTO's letter in less than two weeks, on October 12. Ex. D. Plaintiffs' response included a substantially revised topic list in light of PTO's feedback and a notice of the Rule 30(b)(6) deposition. *Id.* The revised topic list narrowed significantly Plaintiffs' previous proposed topic list and did not include any new topics. The notice did not include a specific date and time, as Plaintiffs stated that they would work with PTO to determine a mutually agreeable day and time. *Id.*

7.      On October 18, after having received no response from PTO, the undersigned counsel followed up on Plaintiffs' letter and again requested PTO to provide a date or dates for the 30(b)(6) deposition. Ex. E. Counsel further expressed concern that "having the expert disclosures due before the 30(b)(6) deposition will lead to the possibility of a substantial supplement that would be uneconomical and could defeat the purpose of an earlier disclosure," a concern that counsel had also previously raised in conversation with defense counsel. *Id.* Counsel therefore

stated that "we would like to move the date for our expert disclosure until ten days after the 30(b)(6) deposition" and requested PTO's views. *Id.* Pursuant to the Court's April 22 order (Dkt. No. 42), Plaintiffs' Rule 26(a)(2)(B) & (C) are currently due November 10, 2022.

8.      On October 24, after having received no substantive response from PTO, the undersigned counsel again followed up with PTO on the issues relating to the 30(b)(6) deposition and expert disclosures. *Id.*

9.      On October 26—again over five weeks after having received Plaintiffs' revised topic list and 30(b)(6) notice—counsel for PTO emailed the undersigned counsel to state that the parties are a "long way off" from agreement on the topic list and that PTO "believe[s] the appropriate next step here is to serve [Plaintiffs] with formal objections to the notice," which PTO would "attempt" to provide by November 18. Ex. F. Counsel for PTO additionally stated that, "[i]n terms of how this relates to the overall case schedule," "we don't believe that there is a basis for PTO to join a motion to modify" the deadline for expert disclosures. *Id.* Counsel for PTO noted that the Court's April 22 order provided that "no further extensions shall be granted." Counsel for PTO also stated that if Plaintiffs were concerned about having to submit an expert report prior to completion of the 30(b)(6) deposition, PTO "think[s] that the scope of what you are trying to achieve through a 30b6 deposition is what needs to change, rather than the Court's discovery schedule." *Id.*

10.      As Plaintiffs have repeatedly emphasized to PTO, Plaintiffs believe that it is important to complete a Rule 30(b)(6) deposition prior to the submission of their expert report, which is why Plaintiffs provided PTO with a proposed topics list in August, shortly after the parties began taking depositions, and responded to PTO's comments on that list in less than two weeks, with a substantially revised and narrowed topic list. Pursuant to the discovery plan, Plaintiffs have disclosed to PTO that they anticipate submitting one expert report from a patent process expert, which will address "(1) the similar treatment of cases subjected to [PTO's Sensitive Application Warning System ("SAWS")], including the treatment of Mr. Hyatt and Mr. Morinville's applications, and (2) a comparison of the treatment and outcomes of SAWS and non-SAWS cases,

particularly with respect to pendency data." Ex. A. The testimony of PTO witnesses concerning the SAWS processes and procedures as well as the handling of Mr. Hyatt's and Mr. Morinville's applications is important for the completion of this report.

11.     Unfortunately, as Plaintiffs' October 12 letter explained, the fact witnesses that Plaintiffs have deposed have been unable to answer many questions about the SAWS, which is the subject of this litigation. Ex. D. For example, on September 28, Plaintiffs deposed Kimberly Jordan, who was the SAWS point of contact at the Board of Patent Appeals and Interferences from 2007 to 2015, when PTO purportedly terminated the SAWS. Yet during her deposition, Ms. Jordan responded "I don't know" or "I don't recall" approximately 150 times, and she could not answer basic questions like "Why was the fact that an application was a SAWS application relevant to the board's consideration of an appeal" and "Why did the board wish to [know] the fact that an application was a SAWS application." *Id.*

12.     Similarly, as another example, on September 19, Plaintiffs deposed Jack Harvey, who was the SAWS point of contact for Technology Center 2100; PTO's document production indicates that Mr. Harvey is the individual who directed that Mr. Hyatt's cases be designated for the SAWS. During his deposition, Mr. Harvey responded "I don't know" or "I don't recall" approximately 150 times, including to basic questions such as his "responsibilities as a SAWS contact person for Technology Center 2100" and why he directed that "the Hyatt cases were flagged SAWS."

13.     In light of the inability of PTO's fact witnesses to answer such basic and fundamental questions, the need for a 30(b)(6) deposition to "curb the bandying by which officers or managing agents of [an entity] are deposed in turn but each disclaims knowledge of the facts that are clearly known to the organization" is particularly strong in this case. *Cont'l Transfert Technique Ltd. v. Fed. Gov't of Nigeria*, 308 F.R.D. 27, 38 (D.D.C. 2015) (quotation marks omitted). Plaintiffs are therefore in the process of conferring with PTO on a motion to compel a 30(b)(6) deposition, which Plaintiffs plan on filing in short order.

14.     In the meantime, Plaintiffs risk prejudicing their case if they submit an expert report

without having obtained sufficient discovery relating to such basic and fundamental questions relating to the SAWS. Plaintiffs therefore request that the Court extend the deadline for proponent's Rule 26(a)(2)(B) & (C) disclosures to ten days after completion of a Rule 30(b)(6) deposition of PTO. If Plaintiffs are able to obtain a timely 30(b)(6) deposition, the relief requested in this motion should not affect the overall discovery cutoff of March 10, 2023. In addition, PTO's Rule 26(a)(2)(B) & (C) disclosures are not due until January 27, 2023, so the current deadlines for expert reports also need not be affected if Plaintiffs are able to obtain a timely Rule 30(b)(6) deposition. The Court has previously granted the parties three extensions of the discovery schedule in this case. The prior extensions have all been jointly requested by the parties (Dkt. Nos. 35, 37, 41), primarily to accommodate PTO's rolling document production.

15.    During the parties' meet and confer, counsel for PTO suggested that, instead of moving the November 10 deadline, PTO will agree that Plaintiffs may "robustly" supplement their expert report after the completion of a Rule 30(b)(6) deposition. The undersigned counsel appreciates PTO's suggestion, but does not believe it is workable or efficient. There appears to be little point to requiring Plaintiffs to file an expert report on November 10 if all parties understand that requiring Plaintiffs to do so will result in Plaintiffs issuing a substantial supplement to that report at a later point. It is also unclear how PTO's supplementation approach would work with the existing deadlines for PTO's Rule 26 disclosures (January 27) and Plaintiffs' rebuttal report (February 24).

16.    In light of the present deadline of November 10 for proponent's disclosures, Plaintiffs also respectfully request that the Court consider this motion on an expedited basis. Plaintiffs conferred with PTO and filed this motion within one day of PTO's response to Plaintiffs' request that PTO stipulate to an extension of the deadline. Plaintiffs and PTO have agreed to expedite their briefing on this motion so that the Court may consider it prior to the November 10 deadline.  PTO will respond to the motion within seven (7) calendar days and Plaintiffs will file a reply within two (2) business days of PTO's response. Plaintiffs will also promptly inform the Court if PTO decides to not file a response to the motion. Accordingly, the motion should be fully

briefed by November 7, if not sooner.

## **<u>Conclusion</u>**

For the reasons stated above, the Court should grant the motion and extend the deadline for proponent's disclosures pursuant to Rule 26(a)(2)(B) & (C) to ten days after completion of a Rule 30(b)(6) deposition of Defendant PTO.

Dated: October 27, 2022                    Respectfully submitted,


<u>/s/ Mark W. DeLaquil</u>
Andrew M. Grossman (D.C. Bar No. 985166)
Mark W. DeLaquil (D.C. Bar No. 493545)
Baker & Hostetler LLP
1050 Connecticut Ave., N.W.
Suite 1100
Washington, D.C. 20036
(202) 861-1697
agrossman@bakerlaw.com
mdelaquil@bakerlaw.com

*Attorneys for Plaintiffs*

## <u>Certificate of Service</u>

I hereby certify that, on October 27, 2022, I caused the foregoing to be filed using the Court's CM/ECF system. All counsel of record will be served through the Court's CM/ECF system.

Respectfully submitted,

 /s/ Mark W. DeLaquil
Mark W. DeLaquil

*Counsel for Plaintiffs*